**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**SEATTLE DIVISION**

| | |
|---|---|
| PAUL HANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEGWAY INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Paul Hanson ("Plaintiff"), by his undersigned counsel, on behalf of himself and a Class of those similarly situated, brings this action against Defendant Segway, Inc., and alleges based upon personal knowledge of the allegations pertaining to himself, and upon information, belief, and the investigation of counsel as to all other allegations.[1]

---

[1] Plaintiff Hanson previously filed a complaint against Defendant Segway, Inc., in the Central District of California on April 15, 2025, that was dismissed and refiled here due to jurisdictional disagreements arising from Segway's recent changes in business registration from California to Texas in February 2025. *See* Complaint, *Hanson v. Segway* ("*Hanson I*"), No. 2:25-cv-03305 (C.D. Cal. Filed Apr. 15, 2025), ECF No. 1.

CLASS ACTION COMPLAINT - 1
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

## I.    INTRODUCTION

1.    Defendant Segway, Inc. ("Segway" or "Defendant") manufactures and sells a variety of expensive, luxury e-scooters and other forms of mechanized transit.

2.    From January 2020 through February 2025, Defendant sold approximately 220,000 Segway Ninebot Max 30p and Max G30LP Kickscooters (the "E-Scooters") for between $600 and $1,000.

3.    Unfortunately, these expensive E-Scooters contain a dangerous defect in their folding mechanism, such that the handlebars of the E-Scooter can fold and collapse while in use, sometimes flinging consumers off the E-Scooter at high speeds (the "Defect"). Specifically, the folding mechanism's Defect causes the E-Scooter's stem leading to the handlebars to become progressively looser with use.

4.    As a result of the Defect, Defendant has received "68 reports of folding mechanism failures, including 20 injuries to include abrasions, bruises, lacerations and broken bones."[2]

5.    Unsurprisingly, Defendant and the U.S. Consumer Product Safety Commission ("CPSC") announced on March 20, 2025, a recall of approximately 220,000 E-Scooters manufactured with a defective folding mechanism (the "Recall").

6.    As part of the Recall, consumers have been advised to "immediately stop using the recalled [S]cooters" to avoid injury from the dangerous Defect.[3]

7.    Moreover, the Recall itself is entirely inadequate. As an initial matter, it provides no monetary remedy whatsoever. Rather than actually recalling and refunding or replacing the

---

[2] U.S. CONSUMER PROTECTION BUREAU, SEGWAY RECALLS SEGWAY NINEBOT MAX G30P AND MAX G30LP KICKSCOOTERS DUE TO FALL HAZARD AND RISK OF SERIOUS INJURY, https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-Max-G30P-and-Max-G30LP-KickScooters-Due-to-Fall-Hazard-and-Risk-of-Serious-Injury (last visited Apr. 10, 2025) ("CPSC Recall Page").
[3] *Id.*

CLASS ACTION COMPLAINT - 2
CASE NO.

unsafe E-Scooters, Defendant instead offers only to send consumers a "free maintenance kit" "includ[ing] tools and instructions for checking and tightening the folding mechanism and keeping it properly maintained" (the "Maintenance Kit").

8. Defendant's Recall process requires consumers to contact Defendant to request the promised Maintenance Kit, but does not inform consumers when they can expect their Maintenance Kit to arrive.

9. And when the Maintenance Kit does arrive, consumers must attempt to tighten the old, defective folding mechanism on their own, even if they lack the required skills.

10. Given the nature of the Defect, the Recall that Defendant offers in no way remedies the danger posed to consumers, as it does not rectify the cause of the Defect. Consumers are not offered a new, safe E-Scooter without the Defect. Instead, they must use the Maintenance Kit to inspect the defective folding mechanism, attempt to secure it, and hope they did a sufficient job so that the E-Scooter does not collapse while they try to use the product, even at the E-Scooter's top speed of 18.6 miles per hour.[4]

11. Then, they must constantly monitor the E-Scooter for future manifestations of the Defect.

12. In addition to the Recall process being unduly burdensome on consumers and offering an inadequate remedy, the notice element of the Recall is also inadequate. There is a significant likelihood that the majority of consumers who purchased or who currently own a Segway E-Scooter will never learn of the Recall.

---

[4] Segway, *Segway MAX G30LP eKickScooter*, https://store.segway.com/ninebot-kickscooter-max-g30lp (last visited Apr. 10, 2025) ("Ninebot KickScooter MAX G30LP Promotional Page").

CLASS ACTION COMPLAINT - 3
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

13.     This is a dangerous Defect which Defendant knew of or should have known and warned customers about, and which has been experienced and reported by disappointed consumers firsthand after the point of sale. No reasonable consumer would purchase an expensive Segway E-Scooter—a product intended to safely and reliably transport consumers whether commuting or enjoying a recreational scooter ride—that has a serious safety Defect that could cause consumers to fall mid-ride or even be flung off the E-Scooter at high speeds, potentially sustaining serious injuries.

14.     Additionally, while there is a significant resale market for used E-Scooters, the defective, recalled Segway E-Scooters in this case have experienced a significant loss in value and useful life because of these issues.

15.     This is not the first recall Defendant has been forced to issue due to manufacturing and selling a defective product. In November 2024, due to a near-identical defect in a different model e-scooter, Defendant recalled approximately 1,400 Segway Ninebot P100 KickScooters ("P100 E-Scooters") after 31 reports of defective front fork. Similar to the E-Scooters at issue here, the P100 E-Scooter had a stem that could "break, posing fall and injury hazards to the rider."[5] This defect also caused consumers to fall or be flung from the scooter, with 6 reported injuries.[6] Defendant has therefore been put on additional notice of the danger posed by manufacturing and distributing defective products—including with this particular Defect.

16.     For these and the additional reasons described herein, the utility of Defendant's conduct in designing, manufacturing, and selling the E-Scooters is outweighed by the gravity of

---

[5] U.S. CONSUMER PROTECTION BUREAU, SEGWAY RECALLS SEGWAY NINEBOT P100 KICKSCOOTERS DUE TO FALL AND INJURY HAZARDS, https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-P100-KickScooters-Due-to-Fall-and-Injury-Hazards (last visited July 23, 2025).
[6] *Id.*

CLASS ACTION COMPLAINT - 4
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

the consequences to Plaintiff and Class Members. Moreover, Defendant's conduct as described in this Complaint is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and Class Members.

17.    Through this suit, Plaintiff requests a full refund, injunctive relief and/or applicable damages on these dangerous E-Scooters, as well as all other appropriate relief.

## II.    PARTIES

18.    Plaintiff Paul Hanson is a former resident of Washington state who purchased a Segway Max G30LP Kickscooter E-Scooter from Segway through Amazon online services on July 3, 2021, for $905.26

19.    At the time of this purchase, Mr. Hanson resided in Washington state.

20.    Defendant Segway Inc. is a corporation registered in Wilmington, Delaware with its principal places of business in McKinney, Texas and Arcadia, California during the relevant time period.

## III.    JURISDICTION

21.    This Court has personal jurisdiction over the Defendant. The Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d). Defendant has transacted business and affairs in Washington and has committed the acts and injuries complained of in Washington. The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and this case is a class action in which some members of the Classes are citizens of different states than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

22.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district. Plaintiff purchased and used the scooter in Washington. Defendant has transacted business and

CLASS ACTION COMPLAINT - 5
CASE NO.

affairs in this district that give rise to this Complaint, and has committed the acts or omissions complained of in this district.

## IV.   FACTUAL ALLEGATIONS

### A.   Segway's E-Scooter and Representations

23.   Segway designs, manufactures, markets, and sells a variety of powersport vehicles, e-bikes, e-scooters and other products throughout the United States of America.

24.   Segway sells the Segway E-Scooters at issue in this lawsuit through its own website and various retailers, including Amazon, Wal-Mart, and Costco, among others. For example, Segway sells the Ninebot Kickscooter Max G30P—one of the E-Scooters at issue—on its website for a sale price of $549.99.[7] The CPSC notes that the E-Scooters at issue were sold for between $600-$1000.[8]



---

[7] Segway, *Segway MAX G30P eKickScooter*, https://store.segway.com/ninebot-kickscooter-max (last visited Apr. 10, 2025) ("Ninebot Kickscooter MAX Promotional Page").
[8] CPSC Recall Page.

CLASS ACTION COMPLAINT - 6
CASE NO.

25.     Segway proclaims itself to be the "global leader"[9] in consumer robotics and proudly advertises that they are the "number one brand in electric Kickscooter sales.[10]

26.     Defendant markets the Segway E-Scooters at issue as a convenient mode of transportation "perfect for smooth, safe rides."[11] Defendant's promotional images consist of adventurous people traversing on the Segway E-Scooters, or the E-Scooters safely carrying riders across various urban terrains and inclines.[12]

27.     On its website, Defendant describes the defective folding mechanism as a "quick folding system" to fold the E-Scooters, making the E-Scooters portable and easy to carry or store.

---

[9] Segway, *About Us: Segway-Ninebot*, https://www.segway.com/explore/about-us.html#:~:text=Segway%2DNinebot%20is%20a%20global,in%20self%2Dbalancing%20personal%20transporters (last visited Apr. 10, 2025).

[10] Segway (@SegwayUS), *Segway has officially been recognized as the global No.1 brand in electric kickscooters!*, INSTAGRAM (Jan. 8, 2025), https://www.instagram.com/p/DEk1gqKONTv/ (last visited July 23, 2025).

[11] Ninebot Kickscooter MAX Promotional Page.

[12] *Id.*

CLASS ACTION COMPLAINT - 7
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

Defendant claims that it is designed to "take to any destination you desire effortlessly" and, because it is the same "folding mechanism of [] high-end folding bikes, it is safe and durable."[13]



## Classic Quick Folding System

Ninebot KickScooter MAX G30LP can be folded with ease in a mere 3 clicks. It is easy to carry on public transportation, store in your car, and take to any destination you desire effortlessly. Also, equipped with the folding mechanism of the high-end folding bikes, it is safe and durable.

28.   Defendant also promotes that the E-Scooters can safely carry riders at a top speed of 18.6 miles per hour through various terrain.[14] The dangerous nature of this Defect becomes clear when one imagines zipping down the bike lane at over 15 miles per hour on an unprotected electric scooter, only to have the supposedly reliable handlebars suddenly collapse.

**B.    The E-Scooters' Defect and Recall**

29.   On March 20, 2025, Defendant and the CPSC recalled approximately 220,000 E-Scooters designed and sold between January 2020 through February 2025 following 68 reports

---

[13] *Id.*
[14] Ninebot Kickscooter MAX Promotional Page.

CLASS ACTION COMPLAINT - 8
CASE NO.

of "folding mechanism failures" including 20 injuries "including abrasions, bruises, lacerations, and broken bones."[15]

30.    According to the Recall Notice, the E-Scooters were designed with a dangerously defective folding mechanism. Due to this defect, the stem leading to the handlebars of the E-Scooters can suddenly come loose, fold, and collapse inward while in use, causing riders to fall or be flung from the E-Scooters, potentially when riding at top speeds.[16]

31.    The Recall advises consumers to "immediately stop using the recalled scooters" and to contact Segway to "receive a free maintenance kit" to tighten the defective folding mechanism and "keep it properly maintained," requiring consumers to constantly monitor their expensive E-Scooters for manifestation of the dangerous Defect.[17]

32.    Put differently, despite Defendant's representations and images of a safe, reliable, convenient and portable e-scooter, the E-Scooters in question do not meet the bare minimum standards of operating with the usual and expected level of safety due to the Defect in the E-Scooter's design that can suddenly fold and collapse while in use, causing riders to fall and sustain serious injuries.

33.    This is an extremely dangerous Defect—the Segway E-Scooters' folding mechanism can fold and collapse on consumers while in normal use, sometimes causing significant injury.

34.    The Defect is a manufacturing defect present in all Segway Ninebot MAX G30P and G30LP E-Scooters sold at the time outlined by the Recall.

---

[15] CPSC Recall Page.
[16] *Id.*
[17] *Id.*

CLASS ACTION COMPLAINT - 9
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

35.     The E-Scooters do not display any warning of the dangers posed by the Defect. Nor did Defendant disclose the Defect in any other customer-facing communication in the timeframe outlined in the Recall.

36.     The Defect renders the E-Scooters unfit for the ordinary purpose of providing a safe and reliable mode of transportation because it exposes consumers to the risk of significant physical harm while in regular use.

37.     Plaintiff and Class Members would not have bought the Segway E-Scooters, or would not have bought them on the same terms, if the Defect had been disclosed.

38.     Accordingly, Plaintiff and Class Members suffered an economic loss at the moment of their purchase of the Defective E-Scooters in the form of overpayment and diminution in value.

39.     Plaintiff and Class Members' injuries were uniformly compounded upon announcement of the Recall, which revealed the diminished useful life of their E-Scooters and diminished the resale value of their E-Scooters.

40.     The Recall does not make Plaintiff and Class Members whole, as it fails to cure this economic loss stemming from the Defect, i.e. the folding mechanism on the E-Scooters at issue. Plaintiff and Class Members would not have purchased a $600-$1000 E-Scooter they knew could collapse from beneath them and cause serious injury while in ordinary use.

41.     The Recall provides consumers with no monetary relief whatsoever; to the contrary, Defendant explicitly states that "[n]o returns or replacements are involved."[18]

42.     Instead of providing a refund or replacement e-scooter, Defendant's Recall requires consumers to contact Defendant so that they may "determine whether the folding mechanism needs adjustment," and, if the consumer's E-Scooter is deemed needy, Defendant will then

---

[18] Segway, *Recall of Segway Ninebot Max G30P & Max G30LP*, https://service.segway.com/us-en/g30RecallNotice (last visited Apr. 14, 2025).

CLASS ACTION COMPLAINT - 10
CASE NO.

provide a Maintenance Kit, to "include tools and instructions for checking and tightening the folding mechanism and keeping it properly maintained."

43. In other words, Segway does not even offer to replace the Defective folding mechanism—instead outsourcing its duty to provide a safe and reliable E-Scooter to consumers who must attempt to use the Maintenance Kit to tighten and repair the original, defective folding mechanism to "keep[] it properly maintained."[19]

44. Because of this, consumers must monitor and repair their expensive E-Scooters as long as they own them to prevent the Defect from manifesting.

45. Further, the Recall does not compensate for the diminished value, including resale value, or loss of use of the E-Scooter, despite the CPSC's warning that "[c]onsumers should immediately stop using the recalled scooters" until they contact Segway and receive the Maintenance Kit.[20]

46. Segway has received complaints of the Defect directly from consumers for years, including on its own website. For example, in a comment dated December 30, 2022, one consumer stated that Segway "[s]old me a scooter with a loose stem which came off while riding. Very dangerous and have yet to send someone to repair."[21]

47. Moreover, Defendant's e-scooters are no stranger to recalls due to falling stems and handlebars.

48. In November 2024, Segway was forced to recall approximately 1,400 Segway P100 E-Scooters after 31 reports of defective front fork. Similar to the E-Scooters at issue here, the

---

[19] *Id.*
[20] *Id.*
[21] Ninebot Kickscooter MAX Promotional Page.

CLASS ACTION COMPLAINT - 11
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

P100 E-Scooter had a stem that could "break, posing fall and injury hazards to the rider."[22] This defect caused consumers to fall or be flung from the scooter, with 6 reported injuries.[23]

49.     Defendant has therefore been put on additional notice of the danger posed by manufacturing and distributing defective products—including with this particular Defect.

50.     Through this suit, Plaintiff requests a full refund and/or applicable damages on these dangerous E-Scooters, as well as any other appropriate relief.

## PLAINTIFF'S EXPERIENCES

51.     Plaintiff Paul Hanson purchased a Segway Max G30LP Kickscooter E-Scooter from Segway on July 3, 2021, for $905.26. Segway is a third-party seller on Amazon.com and Plaintiff purchased his scooter from Segway via Amazon's online services.

52.     At the time of this purchase, Mr. Hanson resided in Washington state and took delivery of the E-Scooter in Washington state.

53.     Mr. Hanson wanted to purchase a safe, reliable, quality electric scooter from a well-known and recognizable brand.

54.     As Segway is arguably the most trusted name in the e-scooter industry, Mr. Hanson felt comfortable trusting Segway to get him a scooter that was safe for those using it.

55.     Unfortunately, Mr. Hanson was instead sold an E-Scooter with a dangerous Defect, as described herein.

56.     Since learning of the Recall, Mr. Hanson has limited his use of the E-Scooter due to its Defect.

---

[22] U.S. CONSUMER PROTECTION BUREAU, SEGWAY RECALLS SEGWAY NINEBOT P100 KICKSCOOTERS DUE TO FALL AND INJURY HAZARDS, https://Www.Cpsc.Gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-P100-KickScooters-Due-to-Fall-and-Injury-Hazards (last visited July 23, 2025).
[23] *Id.*

CLASS ACTION COMPLAINT - 12
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

57.     Mr. Hanson did not receive formal notice of the Recall from Defendant. Instead, he was informed of the Recall by Amazon. Had Mr. Hanson not purchased the E-Scooter through Amazon, he may have never learned of the Defect and inherent dangers of continuing to ride his E-Scooter.

58.     Once learning of the Defect, Mr. Hanson contacted Defendant to receive a Maintenance Kit. Mr. Hanson is currently residing in Arizona and received the Maintenance Kit in Arizona.

59.     The Maintenance Kit is the only remedy Defendant provides. It is insufficient in several respects.

60.     First, the Recall does not actually repair or replace the defective E-Scooter with a non-defective E-Scooter. Instead, consumers with no expertise are expected to examine their E-Scooter, identify the defective folding mechanism, tighten it, and continue monitoring and tightening it for the remainder of the E-Scooter's useful life. In Segway's own words: "the folding mechanism may require periodic checks and tightening."[24]

61.     Indeed, Mr. Hanson's Maintenance Kit includes only a small tube of super glue and wrenches:

[24] Segway, *Recall of Segway Ninebot Max G30P & Max G30LP*, https://service.segway.com/us-en/g30RecallNotice (last visited Apr. 14, 2025).

CLASS ACTION COMPLAINT - 13
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272



62. Second, the Recall certainly does not remedy the false representations and omissions Segway has made regarding the E-Scooters, which enticed Mr. Hanson to purchase (and overpay for) the E-Scooter in the first place. It does not make Mr. Hanson whole.

63. Further, like many consumers, Mr. Hanson is not experienced in repairing and maintaining electric powersport vehicles like the E-Scooters at issue. It is not reasonable to expect that he or any other consumer is able to properly secure the defective folding mechanism so that it will be safe and secure for him or his friends and family to use and not place its user in serious danger.

64. Mr. Hanson would not have purchased an E-Scooter, or would have paid less and/or sought materially different terms, had he known these E-Scooters were defective and dangerous

CLASS ACTION COMPLAINT - 14
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

and not as safe as Defendant represented. Defendant's misrepresentations and omission were substantial factors in Plaintiff's decision to purchase the Segway E-Scooter.

65.     Mr. Hanson has also been harmed by the diminished re-sale value and useful life of his expensive and unsafe E-Scooter.

## TOLLING

### A.    Continuing Act Tolling

66.     As the creator, designer, manufacturer, and seller of the E-Scooter, Segway has had actual knowledge likely since at least November 2024, when a different Segway e-scooter was recalled for a near-identical defect,[25] and certainly since consumers began reporting injuries and complaining of the Defect to the CSPS, that the E-Scooter is defectively designed and exposes consumers to risk of injury.

67.     Nonetheless, Segway issued the Recall only on March 20, 2025.

68.     Thus, at all relevant times, Segway possessed continuous knowledge of the material dangers posed by the E-Scooter, and yet Segway knowingly continued to allow the sale of the E-Scooter. Plaintiff's and Class Members' claims are not time barred.

69.     Moreover, even after the Recall was initiated, there is no evidence that Segway's Recall Notice has reached all owners of the Segway E-Scooters.

70.     Plaintiff and Class Members could not have reasonably discovered and could not have known of these facts, which Segway publicly disclosed for the first time mere weeks ago. Indeed, until it issued the Recall, Segway knowingly failed to disclose material information

---

[25] U.S. CONSUMER PROTECTION BUREAU, SEGWAY RECALLS SEGWAY NINEBOT P100 KICKSCOOTERS DUE TO FALL AND INJURY HAZARDS, https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-P100-KickScooters-Due-to-Fall-and-Injury-Hazards (last visited July 23, 2025).

CLASS ACTION COMPLAINT - 15
CASE NO.

regarding the existence of the Defect in all E-Scooters. Accordingly, no potentially relevant statute of limitations should apply.

**B.    Concealment Causes Tolling of the Statute of Limitations**

71.    Any applicable statutes of limitations have been tolled or have not run for the additional reason that Segway knowingly, actively, concealed the facts as alleged herein. Segway had actual and constructive knowledge of the dangerous Defect in the Segway E-Scooters since consumers began complaining of injuries to the CSPC.

72.    Plaintiff and Class Members have been kept in ignorance of information essential to the pursuit of their claims, and their safety, without any fault or lack of diligence on their part. Segway's concealment of the Defect in the E-Scooter before, during, and after the purchases of Plaintiff's E-Scooter prevented them from being on notice of any facts or information that would have required them to inquire whether Segway fulfilled its duties under the law and, if not, whether Plaintiff and Class Members had legal recourse.

73.    At all times prior to, during, and since the purchase of Plaintiff's and Class Members' E-Scooters, Segway has been under a continuing duty to disclose the true facts regarding the safety Defect in the E-Scooter. Because of Segway's willful concealment of material information concerning the E-Scooter over a period of years, Segway is estopped from relying on any statute of limitations defense as to the claims of Plaintiff and Class Members.

**C.    Discovery Rule Tolling**

74.    Plaintiff and Class Members could not have discovered through the exercise of reasonable diligence that their E-Scooters were defective within the time period of any applicable statutes of limitation because, as described herein, only Segway had that information, and Segway was concealing that information from the public.

CLASS ACTION COMPLAINT - 16
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

75. Indeed, Plaintiff only recently became aware of the E-Scooter's dangerous Defect through no fault of his own.

76. Plaintiff and other Class Members could not have reasonably discovered, and could not have known of facts that would have caused a reasonable person to suspect, that Segway was manufacturing and marketing the E-Scooter despite being aware it contained a dangerous Defect.

**D.      Relation Back**

77. In any event, this Complaint relates back to the original complaint filed in the Central District of California on April 15, 2025.[26]

78. To relate back, the original and secondary pleadings need share a common core of operative facts so that Defendant has fair notice of the transaction, occurrence, or conduct called into question, as is the case here. The relation back doctrine is "liberally applied."[27]

79. As such, no potentially relevant statute of limitations should be applied.

## V.    CLASS ACTION ALLEGATIONS

80. Pursuant to Rule 23(a), (b)(2), and (b)(3), Plaintiff brings this action on behalf of himself and others similarly situated.

81. Specifically, Plaintiff seeks to represent one or more classes defined as:

All persons in the Washington who purchased or otherwise own one of the Segway Ninebot MAX G30P and G30LP E-Scooters impacted by the Recall (the "Washington Class");

and

All persons in the Arizona who purchased or otherwise own one of the Segway Ninebot MAX G30P and G30LP E-Scooters impacted by the Recall (the "Arizona Class").

---

[26] *See* Complaint, *Hanson I*, No. 2:25-cv-03305 (C.D. Cal. Filed Apr. 15, 2025), ECF No. 1.
[27] *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982)).

CLASS ACTION COMPLAINT - 17
CASE NO.

82.   Excluded from the Classes are (i) each Defendant, any entity in which a Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendant's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents, and representatives and their family members; and (iv) the Judge and staff to whom this case is assigned, and any member of the judge's immediate family.

## VI.   CLAIMS FOR RELIEF

### COUNT I
### Violation of the Washington Consumer Protection Act
### (Wash. Rev. Code §§ 19.86.10, *et seq.*)
### (On Behalf of Plaintiff and the Washington Class)

83.   Plaintiff incorporates by reference and re-alleges paragraphs 1 through 82 set forth above as though fully set forth herein.

84.   Plaintiff Hanson brings this claim individually and on behalf of the Washington Class.

85.   Defendant is a "person" within the meaning of the Washington Consumer Protection Act ("WCPA") § 19.86.010(1), and conducts "trade" and "commerce" within the meaning of WCPA § 19.86.010(2).

86.   Defendant advertised, offered, or sold the E-Scooters in Washington to Washington consumers and engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined by Wash. Rev. Code § 19.86.010(2).

87.   Defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code § 19.86.010(2), by misrepresenting or omitting material facts regarding the safety of Defendant's E-Scooter and promulgating an insufficient Recall as set forth in this Complaint.

CLASS ACTION COMPLAINT - 18
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

88.    Consumers cannot avoid any of these injuries caused by Defendant's unfair and deceptive business practices pertaining to the E-Scooters. Accordingly, the injuries Defendant caused outweigh any possible benefit, if any exists, from the marketing and sale of the E-Scooters.

89.    The conduct described throughout this Complaint is unfair and/or deceptive within the meaning of the WCPA §§ 19.86.010, *et seq.*, because, at all material times, Defendant's statements and marketing and advertising materials misrepresented or omitted material facts regarding the safety of Defendant's E-Scooter and because Defendant is promulgating an insufficient recall as set forth in this Complaint. Defendant is disseminating statements, marketing and advertising concerning the useability and safety of its E-Scooter that are unfair, untrue, deceptive, or misleading. Defendant's acts and practices have deceived and/or are likely to continue to deceive Plaintiff, members of the Washington Class, and the public. Moreover, Defendant intentionally does not disclose any of this information to consumers and instead represents that the E-Scooter is beyond average levels of usability and safety.

90.    Defendants engaged in these unfair acts or practices in the conduct of their business.

91.    The acts and practices described herein are unfair and/or because these acts or practices (i) have caused financial injury to Plaintiff and Washington Class members in the form of overpayment for and diminution in value of their E-Scooters; (ii) are not outweighed by any countervailing benefits to consumers or competitors, and (iii) are not reasonably avoidable by consumers.

92.    In making and disseminating the statements alleged herein, Defendant knew or should have known its advertisements were deceptive and misleading. Plaintiff and members of the Washington Class based their decisions to purchase and use Defendant's E-Scooter on Defendant's misrepresentations and omissions of material facts.

CLASS ACTION COMPLAINT - 19
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

93.    Defendants' misrepresentations are likely to mislead a reasonable consumer acting reasonably under the circumstances.

94.    Further, Defendants' acts and practices regarding the marketing, sale, and recall of the E-Scooters impacts the public interest. Defendants committed the acts and practices in the course of their everyday business; the acts and practices are part of a pattern or generalized course of business; Defendant committed the acts and practices repeatedly and continually both before and after Plaintiff and the Washington Class members' purchased Segway E-Scooters; there is a real and substantial potential for repetition of Defendant's conduct; and many customers are affected or likely to be affected.

95.    On behalf of himself and other members of the Washington Class, Plaintiff seeks to enjoin Defendant's unlawful acts and practices described herein, to recover actual damages, three times actual damages, and reasonable attorneys' fees.

### COUNT II
**Violation of the Arizona Consumer Fraud Act**
**(A.R.S. §§ 44-1521, *et seq*.)**
**(On behalf of Plaintiff and the Arizona Class)**

96.    Plaintiff incorporates by reference and re-alleges all prior paragraphs of this complaint as though fully set forth herein.

97.    Plaintiff Hanson brings this claim individually and on behalf of the Arizona Class.

98.    Defendant is a "person" and the E-Scooters are "merchandise" as defined by the Arizona Consumer Fraud Act ("ACFA"). *See* A.R.S. § 44-1521(5)-(6).

99.    Defendant advertised, offered, or sold goods or services in Arizona and engaged in trade or commerce directly or indirectly affecting the people of Arizona.

CLASS ACTION COMPLAINT - 20
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

100. Defendant engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts affecting the people of Arizona in connection with the sale and advertisement of merchandise in violation of A.R.S. § 44-1522(A).

101. The conduct described throughout this Complaint is unfair within the meaning of the ACFA §§ 44-1521, *et seq.*, because, at all material times, Defendant's statements and marketing and advertising materials misrepresented or omitted material facts regarding the safety of Defendant's E-Scooter and because Defendant is promulgating an insufficient recall as set forth in this Complaint. Defendant is disseminating statements, marketing and advertising concerning the useability and safety of its E-Scooter that are unfair, untrue, deceptive, or misleading. Defendant's acts and practices have deceived and/or are likely to continue to deceive Plaintiff, members of the Arizona Class, and the public. Moreover, Defendant intentionally does not disclose any of this information to consumers and instead represents that the E-Scooter is beyond average levels of usability and safety.

102. Defendant engaged in these unfair and/or deceptive acts or practices in the conduct of its business.

103. The acts and practices described herein are unfair because these acts or practices (i) have caused financial injury to Plaintiff and the Arizona Class members in the form of overpayment for and diminution in value of their E-Scooters; (ii) are not outweighed by any countervailing benefits to consumers or competitors, and (iii) are not reasonably avoidable by consumers.

104. In making and disseminating the statements regarding the marketing, sale, and recall alleged herein, Defendant knew or should have known its advertisements were deceptive

CLASS ACTION COMPLAINT - 21
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

and misleading. Plaintiff and members of the Arizona Class based their decisions to purchase and use Defendant's E-Scooter on Defendant's misrepresentations and omissions of material facts.

105.    Defendants' statements regarding the marketing, sale, and recall alleged herein are likely to mislead a reasonable consumer acting reasonably under the circumstances.

106.    On behalf of himself and other members of the Arizona Class, Plaintiff seeks to enjoin Defendant's unlawful acts and practices described herein, to recover actual damages, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Breach of the Implied Warranty of Merchantability
### (On behalf of Plaintiff and the Washington and Arizona Classes)

107.    Plaintiff incorporates by reference and re-alleges all prior paragraphs of this complaint as though fully set forth herein.

108.    Plaintiff brings this claim individually and on behalf of members of the Washington and Arizona Classes. *See* Wash. Rev. Code §§ 62A.2–314 -315; Ariz. Rev. Stat. §§ 47-2314 - 2315.

109.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted by operation of law that the E-Scooters are merchantable as a reliable, useable, safe scooter for leisurely transportation and other purposes.

110.    Defendant breached the implied warranties in the sale of the E-Scooter because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label . . ." *See* Wash. Rev. Code §§ 62A.2–314(2), Ariz. Rev. Stat. §§ 47-2314(B) (listing requirements for merchantability). Additionally, The E-Scooters were unfit for their intended purpose of providing safe

CLASS ACTION COMPLAINT - 22
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

transportation. As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

111.    Plaintiff and Class Members purchased the E-Scooters relying on Defendant's skill and judgment in properly packaging and labeling the E-Scooters.

112.    The E-Scooters were not altered by Plaintiff or Class Members.

113.    The E-Scooters were defective when they left the exclusive control of Defendant.

114.    Defendant knew that the E-Scooters would be purchased and used without additional testing by Plaintiff and Class Members.

115.    The E-Scooters were defectively designed and unfit for their intended purpose of providing safe transportation and Plaintiff and Class Members did not receive the goods as warranted.

116.    As a direct and proximate cause of Defendant's breach of the implied warranties, Plaintiff and Class Members have been injured and harmed because they would not have purchased the E-Scooters if they knew the truth about the E-Scooters, and because the E-Scooter they received were worth substantially less than the E-Scooter they were promised and expected.

117.    On behalf of himself and other members of the Classes, Plaintiff seeks damages.

### COUNT IV
**Unjust Enrichment**
**(On behalf of Plaintiff and the Washington and Arizona Classes)**

118.    Plaintiff incorporates by reference and re-alleges all prior paragraphs of this complaint as though fully set forth herein.

119.    Plaintiff brings this claim individually and on behalf of members of the Washington and Arizona classes against Defendant.

120.    Plaintiff and Class Members conferred benefits on Defendant by purchasing the E-Scooter.

CLASS ACTION COMPLAINT - 23
CASE NO.

COTCHETT, PITRE & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

121. Defendant has knowledge of such benefits.

122. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the E-Scooter. Retention of those monies under these circumstances is unjust and inequitable because Defendant represented that the E-Scooter is safe for its principal use of reliably and safely transporting consumers when it is not.

123. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class Members for its unjust enrichment, as ordered by the Court.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgement on behalf of himself and members of the Classes as follows:

A.    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes, and Plaintiff's attorneys as Class Counsel;

B.    For an order declaring that Segway's conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D.    For actual, compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For injunctive relief enjoining the illegal acts detailed herein and prospective injunctive relief in terms of adding disclosures to prevent future harms;

F.    For prejudgment interest on all amounts awarded,

G.    For an order of restitution and all other forms of equitable monetary relief;

H.    For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expense and costs of suit.

CLASS ACTION COMPLAINT - 24
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 31, 2025

Respectfully submitted,

By: */s/ Karin Swope*
By: */s/ Andrew Fuller*
Karin B. Swope, WSBA #24015
Andrew J. Fuller, WSBA #63273
**COTCHETT, PITRE & McCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98103
Telephone: (206) 970-8181
kswope@cpmlegal.com
afuller@cpmlegal.com

Brian Danitz (*pro hac vice* forthcoming)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcom Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
bdanitz@cpmlegal.com

Laurence D. King (*pro hac vice* forthcoming)
Matthew B. George (*pro hac vice* forthcoming)
Clarissa R. Olivares (*pro hac vice* forthcoming)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email:   *lking@kaplanfox.com*
        *mgeorge@kaplanfox.com*
        *colivares@kaplanfox.com*

*Attorneys for Plaintiff Paul Hanson and the Proposed Class*

CLASS ACTION COMPLAINT - 25
CASE NO.

**COTCHETT, PITRE & McCARTHY, LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272