UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL HANSON,<br><br>                 Plaintiff,<br><br>     v.<br><br>SEGWAY INC.,<br><br>                 Defendant. | CASE NO. 2:25-cv-01436-TL<br><br>ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE |

This matter is before the Court on Defendant's Motion to Stay or Transfer Venue to the United States District Court for the District of Delaware. Dkt. No. 31. Having considered Defendant's motion, Plaintiff Paul Hanson's opposition (Dkt. No. 36), Defendant's reply (Dkt. No. 42), and the relevant record, the Court GRANTS Defendant's motion and TRANSFERS this case to the United States District Court for the District of Delaware.

//

//

//

ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE – 1

## I.    BACKGROUND

### A.    The Instant Case

Plaintiff initially filed the claims in this action on April 15, 2025, in the Central District of California. Dkt. No. 31 at 11. Following a disagreement between the Parties about whether the Central District of California had jurisdiction, Plaintiff voluntarily dismissed the matter and re-filed the claims in this Court on July 31, 2025. Dkt. No. 36 at 6–7. This matter arises from allegedly defective handlebars on Defendant's Ninebot Max 30p and Max G30LP KickScooters (the "KickScooters") and subsequent insufficient recall. *Id*. at 5. Plaintiff brings claims for: (1) violation of the Washington Consumer Protection Act, (2) violation of the Arizona Consumer Fraud Act, (3) breach of implied warranty of merchantability, and (4) unjust enrichment. Dkt. No. 1 (Complaint) ¶¶ 83–123. Defendant seeks to transfer this case to the District of Delaware, where a consolidated action raising similar allegations raised in three other lawsuits is pending against it. Dkt. No. 31 at 6. On February 5, 2026, a fourth case was transferred from the Northern District of California to the District of Delaware. *See Torres v. Segway, Inc.*, No. C25-5005, 2026 WL 311504 (N.D. Cal. Feb 5, 2026).

### B.    The Delaware Cases

#### 1.    *Cicero v. Segway*

The *Cicero* matter was filed by Barton Cicero ("the *Cicero* plaintiff"), a Massachusetts resident, in the District of Delaware on March 25, 2025. Dkt. No. 31 at 8; *see* Dkt. No. 32 (Buck Decl. and exhibits) at 6–28 (*Cicero v. Segway* Complaint). The *Cicero* plaintiff asserted that the KickScooter he purchased is defective because "the folding mechanism can fail and cause the handlebars or stem to fold while the scooter is in use, posing a fall hazard to consumers." Dkt. No. 32 at 6 ¶ 1. Further, the *Cicero* plaintiff asserted that he purchased the KickScooter from Amazon.com, that the KickScooter was part of a recall, and that the recall efforts by Defendant

ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE – 2

are inadequate. *See id*. at 8 ¶ 7, 10 ¶ 14, 14, ¶¶ 37–41. The *Cicero* plaintiff brought three causes of action: (1) violations of Massachusetts consumer protection law, (2) unjust enrichment, and (3) fraud by omission and/or intentional misrepresentation. *Id*. at 18 ¶¶ 51–66, 20 ¶¶ 67–79, 21 ¶¶ 80–86. The *Cicero* plaintiff also sought to represent a nationwide class that included all KickScooter purchasers in the United States, a "Multi-State Consumer Protection Class" that included Washington residents, and a "Multi-State Implied Warranty Class" that included residents of several dozen other states. *Id*. at 15 ¶ 42.

### 2.    *Sabu v. Segway*

The *Sabu* matter was filed by plaintiffs Aaron Sabu and Christopher Holmes ("the *Sabu* plaintiffs") on March 31, 2025, in the District of Delaware. *See* Dkt. No. 32 at 30–56 (*Sabu v. Segway* Complaint). Aaron Sabu is a resident of California and Christopher Holmes is a resident of New York. *Id*. at 32–33 ¶¶ 7, 9. The *Sabu* plaintiffs alleged that the KickScooters they purchased were defective "because the folding mechanism can fail and cause the handlebars or stem to fold while the scooter is in use, posing a fall hazard to consumers." *Id*. at 30–31 ¶ 1. Additionally, they claimed that they purchased the KickScooters on Amazon.com, that the KickScooters were part of a recall, and that the recall efforts by Defendant are inadequate. *Id*. at 32 ¶ 7, 34 ¶ 16, 38–39 ¶¶ 40–43. The *Sabu* plaintiffs brought the following claims: (1) violations of California's Unfair Competition Law ("UCL"), (2) violations of California's Consumer Legal Remedies Act ("CLRA"), (3) Violations of California's Song-Beverly Act, (4) Violations of New York General Business Law ("GBL") § 349, (5) violations of GBL § 350, (6) Unjust Enrichment, and (7) Fraud by Omission and/or Misrepresentation. *Id*. at 42–51 ¶¶ 53–107. The *Sabu* plaintiffs sought to bring these claims on behalf of multiple classes, including a nationwide class that included "all people in the United States who purchased one of the [KickScooters]," a

"Multi-State Consumer Protection Class" that includes Washington residents, and two sub-classes—one for New York and one for California. *Id*. at 39 ¶ 44.

### 3.    *Rzewuski v. Segway*

The *Rzewuski* matter was filed by plaintiffs Mary Rzewuski and Edward Heymer ("the *Rzewuski* plaintiffs") on April 15, 2025, in the District of Delaware. *See* Dkt. No. 32 at 58–88 (*Rzewuski v. Segway* Complaint). Mary Rzewuski is a resident of Illinois and Edward Heymer is a resident of California. *Id*. at 59–60 ¶¶ 11–12. The *Rzewuski* plaintiffs alleged that the KickScooters they purchased were defective "because the folding mechanism can fail and cause the handlebars or stem to fold while the scooter is in use, posing a hazard to consumers." *Id*. at 61 ¶ 20. Similar to the other plaintiffs and the Plaintiff in the present case, The *Rzewuski* plaintiffs also claim that Defendant's recall was inadequate. *Id*. at 62 ¶¶ 24–28. The *Rzewuski* action brought the following claims: (1) violations of the implied warranty of merchantability, (2) violations of state consumer fraud acts (including Washington's Consumer Protection Act ("WCPA")), (3) violations of Illinois' Consumer Fraud and Deceptive Trade Practices Act, (4) violations of the California UCL, (5) violations of the California CLRA, (6) violations of the California FAL, and (7) unjust enrichment. *Id*. at 72–86 ¶¶ 71–153. The *Rzewuski* plaintiffs sought to bring these claims on behalf of multiple classes, including a nationwide class of all KickScooter purchasers in the United States, a "Multi-State Consumer Fraud Acts" subclass that includes Washington residents, and several other state-specific subclasses. *Id*. at 66 ¶ 59.

### 4.    Consolidation into *In re Segway Scooter Recall Litigation*

On May 5, 2025, the plaintiffs in the *Cicero*, *Sabu*, and *Rzewuski* actions collectively moved under Federal Rules of Civil Procedure 42(a) and 23(g)(3) to consolidate their cases and appoint interim class counsel. Dkt. No. 32 at 2 (Buck Decl.) ¶ 5. The cases were consolidated into *In re Segway Scooter Recall Litigation* (the "Consolidated Action"). *Torres*, 2026 WL

ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE – 4

311504, at *2. The plaintiffs filed an Amended Motion for Consolidation and Appointment of Interim Co-Lead Counsel on or about July 18, 2025. *See* Dkt. No. 32 at 111–30 (Consolidated Complaint).

### 5. *Torres v. Segway*

The *Torres* action was filed by Jimmy Torres in the Superior Court of California for the County of Monterey on May 6, 2025. *Torres*, 2026 WL 311504, at *2. The case was removed to the Northern District of California on June 12, 2025. *Id*. The *Torres* plaintiff also claimed the KickScooter is defective, alleging the "folding mechanism that keeps the [KickScooter] upright has a propensity to fail," which can cause "the handlebars or stem to fold while the scooters are in use." *Id*. (quoting *Torres* complaint ¶ 6). Further, The *Torres* plaintiff claimed that the recall remedies are inadequate. *Id*. The *Torres* plaintiff brought the following claims: (1) breach of implied warranties, (2) violation of the Song-Beverly Consumer Warranty Act, (3) violation of the California CLRA, (4) violation of the California UCL, and (5) violation of the California FAL. *Id*. The *Torres* plaintiff sought to bring the claims on behalf of a class that consists of "all persons who purchased [KickScooters] in the State of California for personal use and not resale." *Id*. (quoting *Torres* complaint ¶ 59). On February 5, 2026, the court in the Northern District of California found that "the similarity of the issues weighs in favor of the first-to-file rule," *id.* at *6, and that no discretionary exceptions to the first-to-file rule applied, *id*. The court accordingly transferred the case to the District of Delaware. *Id*. at *7.

## II.   LEGAL STANDARD

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *see also Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787

F.3d 1237, 1239–40 (9th Cir. 2015). "The purpose of the rule is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result." *Ekin v. Amazon Servs., LLC*, No. C14-244, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014) (citation modified). Under the first-to-file rule, a court may dismiss, stay, or transfer a case when a similar case is before a different district court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.3d 622, 623 (9th Cir. 1991).

When deciding whether to transfer, stay, or dismiss a case under the first-to-file rule, courts must find that three conditions are met: (1) the relevant action must have been filed prior to the one over which the Court is being asked to decline jurisdiction, (2) the same or substantially similar parties must be involved, and (3) the issues raised in the suits must be the same or substantially similar. *See Kohn*, 787 F.3d at 1239–40. Although the presence of these three factors supports transfer of a case, a district court may still exercise its discretion to decline to apply the first-to-file rule for equitable reasons such as bad faith, anticipatory suit, and forum shopping. *See Alltrade*, 946 F.2d at 628.

### III.    DISCUSSION

**A.    Application of First-to-File Rule**

**1.    Chronology of the Lawsuits**

It is undisputed that both the *Cicero* and *Sabu* matters were filed before the instant matter. The *Cicero* matter was filed on March 25, 2025 (Dkt. No. 31 at 8), and the *Sabu* matter was filed on March 31, 2025 (Dkt. No. 32). The claims at issue in the instant matter were first asserted in the previous Central District of California action filed on April 15, 2025; the Parties agree that is the relevant "filing date" for the purposes of this motion. *See* Dkt. No. 31 at 7 n.2; Dkt. No. 36 at 5. Plaintiff attempts to minimize the filing time difference between *Cicero* and the instant matter by categorizing the difference as a "mere 21 days." Dkt. No. 36 at 9. But 21 days

is undoubtedly enough of a difference to find that the *Cicero* action satisfies the first factor in the first-to-file rule (as is 15 days for the *Sabu* case, for that matter). *See, e.g.*, *Fisher v. Duff*, No. C15-5944, 2016 WL 3280429, at *2 (W.D. Wash. June 15, 2016) (finding that first factor of first-to-file rule satisfied even though plaintiff "filed this suit only one day after the Court of Federal Claims suit."); *see also Torres*, 2026 WL 311504, at *5 (finding that first factor satisfied because the *Cicero* action was filed before the *Torres* action).[1]

Therefore, the Court finds that the first first-to-file factor weighs in Defendant's favor.

### 2.    Similarity of the Parties

The second factor asks whether the Parties are substantially similar. *See Kohn*, 787 F.3d at 1240. Defendant argues that "The parties in this case are substantially similar to those in the Consolidated Action because the proposed classes in both cases include the same KickScooter purchasers, and the defendants are the same." Dkt. No. 31 at 14. Plaintiff argues that "Without similar Arizona and Washington Subclasses . . . there can be no similarity of parties." Dkt. No. 36 at 9. In support of his argument, Plaintiff cites to *Wilkie v. Gentiva Health Servs., Inc.*, No. C10-1451, 2010 WL 3703060, at *4 (E.D. Cal. Sept. 16, 2010). *Id*. The *Wilkie* case is, however, easily distinguishable. In *Wilkie*, the plaintiffs sued a hospital for alleged violations of the Fair Labor Standards Act ("FLSA") and sought to represent a nationwide class of persons employed by defendant as "clinical associates." 2010 WL 3703060 at *1–2. The first-filed case in question also brought an FLSA claim and sought to represent "visiting health care providers." *Id*. at *1. The court in *Wilkie* found that the parties were not substantially similar, in part,

---

[1] Plaintiff also argues that he "has significantly advanced in finalizing discovery and case management protocols." Dkt. No. 36 at 9. This is more appropriately considered when analyzing whether equitable considerations outweigh the application of the first-to-file rule. *See infra* Section III.B. Plaintiff's reliance on *Franzetti v. Pac. Mkt. Int'l LLC*, No. C24-191, 2024 WL 1832470 (W.D. Wash. Apr. 26, 2024), is misplaced. Dkt. No. 36 at 9. *Franzetti* addressed a matter where three similarly situated class action cases were all filed in the same district and focused specifically on whether consolidation of the matters was appropriate. *Id.* at *4. In this Order, the Court only considers the appropriateness of transfer and not consolidation with the other cases already pending in Delaware.

ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE – 7

because it was unclear whether certain members of the second-filed case would actually fit into the first-filed case's proposed class. *Id*. at *3. For example, the putative class in *Wilkie* included licensed vocational nurses, physician assistants, and monitor technicians, but the court found that it could not conclude those plaintiffs would be included in the earlier-filed case. *Id*.

In contrast here, there is no confusion as to which KickScooter purchasers are included in each of the putative classes. Further, "[t]he proposed classes can be substantially similar where they 'seek to represent at least some of the same individuals.'" *Torres*, 2026 WL 311504, at *5 (quoting *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)). In *Torres*, the court found that "the complaints have overlapping classes and the same defendant, so the parties are substantially similar." *Id*. The same is true here.

Therefore, the Court finds that the second first-to-file factor weighs in Defendant's favor.

### 3.    Similarity of the Issues

The third factor is similarity of the issues involved. The Ninth Circuit has made clear that "[t]he issues in both cases also need not be identical, only substantially similar." *Kohn*, 787 F.3d at 1240; *see also Torres*, 2026 WL 311504, at *6. Therefore, courts look to whether "there is substantial overlap between the two suits." *Kohn*, 787 F.3d at 1241 (citation modified). "When analyzing whether issues are substantially similar for purposes of the first-to-file rule, district courts in the Ninth Circuit consider if the common facts, taken together, would lead to the same central question between the cases." *Martin v. Binance Holdings, Ltd.*, No. C24-1264, 2025 WL 1159213, at *3 (W.D. Wash. Apr. 21, 2025) (collecting cases). Here, at their core, both lawsuits revolve around the same common facts regarding the purchase of KickScooters with the same alleged defect in their handlebars and the alleged insufficiency of the recall of the product, leading to the same central question regarding Defendant's liability. *Compare* Dkt. No. 1 ¶¶ 3, 7, 18, *with* Dkt. No. 32 at 137 ¶ 1, 139 ¶ 8, 140 ¶ 10.

Plaintiff argues that the Consolidated Action omits the implied warranty claims on behalf of Washington and Arizona KickScooter purchasers, and, therefore, "there can be no similarity of the parties." Dkt. No. 36 at 9. But issues in the cases being compared are not dissimilar solely because the later-filed case includes statutory claims that are not included in the first-filed case. *See Martin*, 2025 WL 1159213, at *3 (finding that the two actions were not dissimilar where the second-filed case did not include unjust enrichment claim and added a Racketeer Influenced and Corrupt Organizations Act claim, but the cases arose from the same factual predicate and concern the same central issue). Further, there are several overlapping causes of action, including violation of the WCPA, breach of implied warranty of merchantability, and unjust enrichment. *Compare* Dkt. No. 1 ¶¶ 83–123, *with* Dkt. No. 32 at 166–73 ¶¶ 165–205. "Even where there are differences between the causes of action, the lawsuits are substantially similar where the thrust of the lawsuits is identical." *Torres*, 2026 WL 311504, at *6 (citation modified). Here, the thrust of both cases is identical, contesting whether Defendant can be held responsible for the allegedly defective KickScooter handlebars and subsequent insufficient recall.

Therefore, the Court finds that the third first-to-file factor weighs in Defendant's favor.

**B.      Equitable Considerations**

Even if the requirements of the first-to-file rule are met, a district court may decline to apply the rule based on equitable considerations, including anticipatory suits, forum shopping, or bad faith. *Alltrade*, 946 F.2d at 628. "Other circumstances may also warrant a rejection of the first-to-file rule, such as factors involving convenience to the parties or sound judicial administration." *Power Integrations, Inc.* v. *ON Semiconductor Corp.*, No. C16-06371, 2017 WL 1065334, at *3 (N.D. Cal. Mar. 21, 2017). Regardless, the Ninth Circuit has asserted that the first-to-file rule "should not be disregarded lightly." *Kohn*, 787 F.3d at 1239 (quoting *Alltrade*, 946 F.2d at 625).

ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE – 9

Plaintiff argues that "the balance of efficiency, justiciability, and convenience disfavor transfer." Dkt. No. 36 at 11. First, Plaintiff raises arguments about transfer being inefficient because there are distinct claims raised in different actions. *Id.* The Court has already addressed this argument in its first-to-file analysis. *See supra* III.A.3.

Second, Plaintiff argues that convenience weighs in his favor because his choice of forum is afforded substantial weight; because the Parties have already begun to advance this case; and because the transaction occurred in Washington, evidence more likely exists in Washington, this Court is more familiar with Washington law, and Washington has greater interest in Washington consumers. Dkt. No. 36 at 12. While Plaintiff may assert his choice of forum and connections to Washington, the Court cannot ignore the fact that Plaintiff initially filed this case in California. Thus, the arguments Plaintiff raises stressing how uniquely important it is that this case stay in Washington hold less weight. Additionally, when an individual represents a class of plaintiffs, "the named plaintiff's choice of forum is given less weight." *Burns v. Gerber Products Co.*, 922 F. Supp. 2d 1168, 1172, (E.D. Wash. 2013) (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987)). Weighing the extent of Plaintiff's contacts with the forum, the Court notes that Plaintiff initially filed the case in California, lives in Arizona, and seeks to represent a subclass of Arizona residents—all facts that point this Court toward giving less weight to his choice of forum.

Finally, Plaintiff argues that he has advanced his case by engaging in case management negotiations and finalizing discovery protocols, including entering a protective order. Dkt. No. 36 at 12. Still, the case is in the very early stages of discovery with just discovery protocols set. In the end, the Court still believes that convenience weighs in favor of transfer. Given that both this case and the Consolidated Action arise from the same set of alleged facts, transferring this case to the District of Delaware may prevent duplicative discovery, motion practice, and

potential conflicting rulings, thereby serving the first-to-file rule's purpose of promoting efficiency and avoiding duplicative litigation. Accordingly, the Court finds that the equitable considerations identified by Plaintiff do not outweigh the first-to-file rule factors.

*   *   *

Because all three first-to-file factors are present and are not outweighed by any equitable considerations, the Court GRANTS Defendant's motion. The Court finds that transfer of this case, rather than a stay, would best serve the interests of justice, efficiency, comity, and convenience and therefore TRANSFERS the action to the District of Delaware.

**IV.   CONCLUSION**

For the foregoing reasons, the Court ORDERS:

1. Defendant's Motion to Stay or Transfer Venue to the United States District Court for the District of Delaware (Dkt. No. 31) is GRANTED, and this case is TRANSFERRED to the District of Delaware.

2. Defendant's Motion to Dismiss (Dkt. No. 13), which challenges venue and the personal jurisdiction of this Court, is DENIED AS MOOT.[2]

Dated this 13th day of March, 2026.

Tana Lin
United States District Judge

---

[2] The Court will not address Defendant's Motion to Compel Arbitration (Dkt. No. 29) and leaves that for the transferee court to decide.

ORDER ON MOTION TO STAY OR TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE – 11